**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
STEPHEN FLANAGAN, as a Trustee of the
GENERAL LABORERS' LOCAL 66 PENSION
FUND; STEPHEN FLANAGAN, as a Trustee of
the GENERAL BUILDING LABORERS'       **ORDER**
LOCAL 66 WELFARE FUND; STEPHEN       11-CV-2896 (ADS)(GRB)
FLANAGAN, as Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66
ANNUITY FUND; Stephen Flanagan, as a
Trustee of the GENERAL BUILDING
LABORERS' LOCAL 66 LABORERS'
EMPLOYER COOPERATIVE AND
EDUCATIONAL TRUST FUND; STEPHEN
FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66
TRAINING PROGRAM; STEPHEN
FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 NEW
YORK STATE HEALTH AND SAFETY
FUND; STEPHEN FLANAGAN, as Business
Manager of the GENERAL BUILDING
LABORERS' LOCAL UNION NO. 66 OF THE
LABORERS' INTERNATIONAL UNION OF
NORTHER AMERICA, AFL-CIO; STEPHEN
FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66
GREATER NY LABORERS' EMPLOYER
COOPERATIVE AND EDUCATIONAL
TRUST FUND,

                Plaintiffs,

    -against-

MARSON GROUP, LTD, d/b/a MARSON
CONTRACTING CO., INC., d/b/a MARBRO
REALTY CO., INC. and LEON D. MARRANO
III,

               Defendants.
-------------------------------------------------------------X

**APPEARANCES:**

**Law Offices of William T. LaVelle, P.C.**
*Attorneys for the Plaintiffs*
The LaVelle Building
57 East Main Street
Patchogue, NY 11772
   By:  Alicia M. Menechino, Esq., Of Counsel

**NO APPEARANCE:**

*The Defendants*

**SPATT, District Judge**.

On June 16, 2011, the Plaintiff Stephen Flanagan, as trustee and fiduciary of the General Building Laborers' union No. 66 Welfare, Pension, Vacation, Annuity, Health & Safety, Greater New York Employer Cooperative and Educational, and Training Funds (the "Funds") and as business manager of the General Buildings Laborers' Local Union No. 66 of the Laborers' International Union of North America, AFL-CIO (the "Union"), commenced this action pursuant to 29 §§ U.S.C. 1145 and 1132(g)(2) of the Employee Retirement Income Security Act of 1974 and § 185(a) of the Labor Management Relations Act of 1947 to recover delinquent fringe benefits and union wages/dues owing.

The Clerk of the Court noted the default of the Defendant Marson Group, LTD. d/b/a Marson Contracting Co., Inc. d/b/a Marbro Realty Co., Inc. (the "Marson Group") on October, 21 2013, and the Plaintiff moved for a default judgment against the Marson Group on October 30, 2013.

On October 31, 2013, the Court respectfully referred this matter to United States Magistrate Judge Gary R. Brown for a recommendation as to whether the motion for a default judgment against the Corporate Defendant should be granted, and if so, (1) whether damages

should be awarded, including reasonable attorney's fees and costs, and (2) whether any other relief should be granted.

On August 11, 2014, Judge Brown issued a thorough Report and Recommendation recommending that the Court enter a default judgment against the Marson Group and that the Plaintiff be awarded $6,393.33 in unpaid fringe benefit contributions; $7,946.82 in dues check-offs; an amount of prejudgment interest on the unpaid fringe benefit contributions ($6,393.33) calculated pursuant to 26 U.S.C. § 6621; an amount of prejudgment interest on the unpaid union dues check-offs ($7,946.82) calculated at 9% per annum; an amount of liquidated damages that is equal to the amount of prejudgment interest for unpaid fringe benefit contributions; $3,079.12 in attorney's fees; and $430 in costs.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Brown's Report and finds it be persuasive and without any legal or factual errors. There being no objection to Judge Brown's Report, the Court adopts the Report.

For the foregoing reasons, it is hereby:

**ORDERED**, that Judge Brown's Report and Recommendation is adopted in its entirety; and it is further

**ORDERED**, that the Plaintiff's motion for an award of damages against the Defendant is granted in the amount recommended by Judge Brown, namely $6,393.33 in unpaid fringe

benefit contributions; $7,946.82 in dues check-offs; an amount of prejudgment interest on the unpaid fringe benefit contributions ($6,393.33) calculated pursuant to 26 U.S.C. § 6621; an amount of prejudgment interest on the unpaid union dues check-offs ($7,946.82) calculated at 9% per annum; an amount of liquidated damages that is equal to the amount of prejudgment interest for unpaid fringe benefit contributions; $3,079.12 in attorney's fees; and $430 in costs; and it is further

**ORDERED,** that that the Clerk of the Court is directed to enter judgment as set forth above, and it is further

**ORDERED**, that upon the entry of judgment, the case is closed.

**SO ORDERED.**

Dated: Central Islip, New York
September 8, 2014

*Arthur D. Spatt* _
　ARTHUR D. SPATT
United States District Judge